IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

Leonard L. Victory, )
    Petitioner, )
)
v. ) 1:11cv512 (AJT/TRJ)
)
Harold W. Clarke, )
    Respondent. )

MEMORANDUM OPINION

Leonard L. Victory, a Virginia inmate proceeding pro se, has filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, challenging the constitutionality of his conviction of malicious wounding in the Circuit Court of Northampton County, Virginia. Respondent has moved to dismiss the petition, and has filed a supporting brief and exhibits. Victory has filed a Brief in Opposition to respondent's position with additional exhibits. For the reasons that follow, respondent's Motion to Dismiss will be granted, and the petition will be dismissed, with prejudice.

I. Background

On August 13, 2007, following a bench trial, Victory was convicted of the malicious wounding of his estranged wife, Rebecca, and acquitted of a charge of breaking and entering. Case No. CR07000114-01, CR07000114-02. The underlying facts were described by the Court of Appeals of Virginia as follow:

> ... Near midnight on May 28, 2007, appellant called Rebecca Victory, his estranged wife, and arranged to travel to her residence to speak with her and to deliver their child to her care. Victory agreed, and appellant arrived a short time later. Victory allowed the child into the

1

> house, and appellant suddenly grabbed Victory and pulled her outside, She explained that they 'tussl[ed],' fell, and appellant punched her in the eye, splitting her eyelid. Victory fled to a neighbor's house and called for help.
>
> Phyllis Smith, the neighbor, testified that Victory was 'very scared, very frightened,' that her hand was over her eye, and that there was blood on her shirt when she arrived at Smith's residence. Victory was afraid to leave Smith's house, explaining she was concerned appellant was still outside.

Victory v. Commonwealth, R. No. 2867-08-1 (Va. Ct. App. Apr. 3, 2009), slip op. at 1 - 2; Resp. Ex. B. On October 15, 2007, Victory was sentenced to serve ten years in prison, with five years suspended. Resp. Ex. A.

Victory appealed his conviction to the Court of Appeals of Virginia, arguing that the evidence was insufficient to sustain his malicious wounding conviction. By final order entered April 3, 2009, a judge of the Court of Appeals denied the petition. Victory v. Commonwealth, supra. The petition subsequently was denied by a three-judge panel of the Court. Resp. Ex. B. Victory sought review of that decision by the Supreme Court of Virginia, but his petition for appeal was refused. Victory v. Commonwealth, R. No. 091971 (Va. Jan. 19, 2010).

Victory next submitted a pleading captioned as a Motion for Writ of Error Coram Vobis to the Circuit Court for Northampton County, raising claims that the indictment was untimely, the spousal immunity privilege was violated when the victim was forced to testify, and the investigating officer committed perjury.[1] Case No. CR07000114, pp. 148 - 163. By Order

---

[1] Va. Code § 8.01-677 provides that "[f]or any clerical error or error in fact for which a judgment may be reversed or corrected on writ of error coram vobis, the same may be reversed or corrected on motion, after reasonable notice, by the court." "Coram vobis" is deemed to include the term "coram nobis," and both are considered the same in modern pleading and practice. Neighbors v. Com., 274 Va. 503, 650 S.E.2d 514 (2007).

entered March 15, 2010, the trial court denied the motion for lack of jurisdiction, id. at 197, and Victory took no appeal of that result.

On April 20, 2010, Victory filed a petition for writ of mandamus in the Supreme Court of Virginia, reiterating the same arguments he presented to the trial court in his coram vobis application. By Order entered August 4, 2010, the Court *sua sponte* dismissed the petition without reaching the merits of the claims. In re: Victory, R. No. 100898 (Va. Aug. 4, 2010).

On May 3, 2011, Victory timely filed this federal proceeding pursuant to § 2254, raising the following claims:

> 1. He received ineffective assistance of counsel because:
>
>    a. counsel should have filed a pretrial motion to dismiss based on legal documents and the hospital report; and
>
>    b. counsel was reprimanded by the Virginia State Bar and signed a resolution to the Indigent Defense Commission.
>
> 2. His conviction was obtained by the unconstitutional failure of the prosecutor to disclose evidence favorable to the defense, namely the medical report of the victim.
>
> 3. His conviction was obtained by use of a coerced confession which violated the spousal privilege.
>
> 4. His conviction was obtained pursuant to an unlawful arrest, in that the arresting officer submitted a false report.
>
> 5. His conviction was obtained in violation of the privilege against self-incrimination.
>
> 6. No indictment was filed in his case.

On August 5, 2011, respondent filed a Motion to Dismiss and Rule 5 Answer, along with a supporting brief and exhibits. Victory was given the opportunity to file responsive materials, pursuant to Local Rule 7(k) and Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), and he filed a Brief in Opposition with additional exhibits on August 18, 2011. Accordingly, this matter is now ripe for disposition.

## II. Exhaustion and Procedural Bar

At this juncture, all of petitioner's present claims are procedurally barred from federal review. None of the claims has been exhausted in the state forum, because they were not presented to the Supreme Court of Virginia for review. To the extent that any of petitioner's current claims arguably may have been asserted in his coram vobis application, they remain unexhausted, because after the trial court denied relief he took no appeal to the Supreme Court of Virginia. In addition, if any of petitioner's present arguments were expressed in his petition for writ of mandamus to the Supreme Court of Virginia, they also are not exhausted, because mandamus was not a proper vehicle for petitioner to use to raise the claims. See In Re: Commonwealth's Attorney, 278 Va. 1, 10, 677 S.E.2d 236, 239 (2009) ("[M]andamus cannot be used by the Commonwealth or any other litigant to collaterally attack or vacate a final judgment entered ... upon the conclusion of a criminal proceeding."); Richlands Medical Ass'n v. Commonwealth, 230 Va. 384, 387, 337 S.E.2d 737, 740 (1985) ("[M]andamus is applied prospectively only; it will not be granted to undo an act already done."). It is well established in federal habeas corpus jurisprudence that "if a defendant defaults by not following proper state appellate procedure .... [federal courts] have no power to review his defaulted issues ...." Kornaherns v. Evatt, 66 F.3d 1350, 1357 (4th Cir. 1995), cert. denied, 517 U.S. 1171 (1996).

Although Victory did not properly present his claims to the Supreme Court of Virginia, they are nonetheless treated as exhausted because he is now precluded from raising them in state court. Specifically, the claims are procedurally defaulted under Virginia Code § 8.01-654(A)(2), which provides in relevant part:

> A habeas corpus petition attacking a criminal conviction or sentence ... shall be filed within two years from the date of final judgment in the trial court or within one year from either final disposition of the direct appeal in state court or the time for filing such appeal in state court has expired, whichever is later.

Here, final judgment in the trial court was entered on October 26, 2007, and the direct appeal concluded January 19, 2010, when the Supreme Court of Virginia denied Victory's petition for appeal. Therefore, Victory is now foreclosed from filing a state habeas corpus application by operation of § 8.01-654(A)(2). His claims consequently are simultaneously exhausted and defaulted for purposes of federal habeas review. See Bassette v. Thompson, 915 F.2d 932 (4th Cir. 1990).

Federal courts may not review barred claims absent a showing of cause and prejudice or a fundamental miscarriage of justice, such as actual innocence. Harris v. Reed, 489 U.S. 255, 260 (1989). The existence of cause ordinarily turns upon a showing of (1) a denial of effective assistance of counsel, (2) a factor external to the defense which impeded compliance with the state procedural rule, or (3) the novelty of the claim. See Coleman v. Thompson, 501 U.S. 722, 753-54 (1991); Clozza v. Murray, 913 F.2d 1092, 1104 (4th Cir. 1990); Clanton v. Muncy, 845 F.2d 1238, 1241-42 (4th Cir. 1988). Importantly, a court need not consider the issue of prejudice in the absence of cause. See Kornahrens, 66 F.3d at 1359 (4th Cir. 1995).

When petitioner's Brief in Opposition to Motion to Dismiss is read very liberally, it

5

appears that he may intend to argue that the procedural default of his claims was caused by the ineffective assistance of his counsel. However, a claim of ineffective representation that has not itself been presented to and exhausted in the state courts cannot serve as cause for the procedural default of additional claims. See Murray v. Carrier, 477 U.S. 478, 488-89 (1986); Justus v. Murray, 897 F.2d 709 (4th Cir. 1990). As petitioner neither suggests nor offers evidence sufficient to establish that he is actually innocent of the offense for which he was convicted, see Schlup v. Delo, 513 U.S. 298, 327 (1995); Royal v. Taylor, 188 F.3d 239, 244 (4th Cir. 1999), the claims of this petition are procedurally barred from federal consideration on the merits.

### III. Conclusion

For the foregoing reasons, respondent's Motion to Dismiss will be granted, and this petition for habeas corpus relief will be dismissed with prejudice. An appropriate Order shall issue.

Entered this 3rd day of February 2012.

Alexandria, Virginia

/s/
Anthony J. Trenga
United States District Judge